**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK CRUTCHLEY and DONNA CRUTCHLEY, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 10-3737 |
| v. | : | |
| SUN DOG MARINA, INC., | : | |
| MMS SUN DOG MARINA LLC d/b/a SUN DOG MARINA, NEWPORT LANDING LLC d/b/a SUN DOG MARINA, | : | |
| WILLIAM SIMMERMAN, MICHAEL BARNOW, JACK CARNEY, | : | **OPINION** |
| WATER FRONT CAFÉ, JOHN DOE CORPORATIONS #1-10, and ABC | : | |
| MAINTENANCE CORPORATION #1-10 Defendants. | : | |
| | : | |

**RODRIGUEZ**, Senior District Judge

This matter comes before the Court on three motions to dismiss filed on behalf of four named defendants pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) for lack of service of process and lack of personal jurisdiction. Defendant MM's Sundog Marina, LLC ("MM's Sundog" or "MM's") and Defendant Michael Barnow ("Barnow") have each filed individual motions. A single motion has been filed jointly on behalf of Defendants Newport Landing, LLC ("Newport" or "Newport Landing") and William Simmerman ("Simmerman"). During oral arguments, Plaintiffs conceded that Barnow and Simmerman may properly be dismissed. As such, Barnow's and Simmerman's motions will be granted. Plaintiffs further conceded that service was ineffective as to MM's Sundog and Newport but request an extension of time to serve process. Remaining at

1

issue is whether an extension is either mandated or warranted. The Court has reviewed the written submissions of the parties and oral arguments were held on October 20, 2011. For the reasons stated below, MM's Sundog's and Newport's motions to dismiss will be denied.

### Factual Background

This action arises out of an alleged trip and fall on a walkway at SunDog Marina in Newport, New Jersey. The Plaintiffs, Mark and Donna Crutchley, are husband and wife and now reside in Florida. Defendant MM's Sundog is a New Jersey limited liability company which has two members: Defendant Michael Barnow, and Mabel A. Barnow (Mabel Barnow is not named in this action). Defendant Newport Landing is a New Jersey limited liability company, of which Defendant William Simmerman is one of three principals. At the time of the accident at issue, MM's Sundog operated the marina under a lease of the property, which was owned by Newport. MM's Sundog vacated the property in September of 2008 and no longer operates the marina.

According to Plaintiffs Complaint, on July 27, 2008, Mark Crutchley was a business invitee on the premises located at 91 Landing Road, Newport, N.J., where a marina and a café do business. While there, Mr. Crutchley tripped and fell when his foot went into a hole on the walkway of the marina dock, causing him to fall forward and land on his left side and causing injuries. As a result of his fall, Mr. Crutchley suffered injuries including, but not limited to, severe lower back pain, neck pain, leg pain, and foot pain. On the same day, Mr. Crutchley sought medical attention and was found to have spondylolisthesis at L3-4. Subsequent treatment and rehabilitation revealed that Mr. Crutchley was suffering myofascial neck pain.

2

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants challenge personal jurisdiction due to lack of service of process.

## Procedural History

Plaintiffs filed this Complaint on July 26, 2010, one day prior to the running of the statute of limitations for Plaintiffs' claims. On August 5, 2010, Plaintiffs filed eight Affidavits of Service with respect to all named Defendants. [Docket Nos. 3-10.] On November 29, 2010, Plaintiffs filed a motion for default judgment as to all defendants [Docket # 13] which was denied by this Court on February 9, 2011 because Plaintiffs had failed to first request entry of default from the clerk. [Docket # 15.] Plaintiffs subsequently requested entry of default on May 9, 2011 against Defendants MM's Sundog, Newport, Sun Dog, Inc., and Water Front Café, and the clerk entered default the following day.

On May 26, 2011, Barnow filed his present motion to dismiss. [Docket # 20.] MM's Sundog filed a motion to dismiss and motion to vacate default on May 27, 2011. [Docket #21.] On July 13, 2011, this Court granted a consent motion to vacate the clerk's entry of default with respect to Defendants Newport and Water Front Café. [Docket # 31.] Newport filed its present motion to dismiss on August 5, 2011 and requested that its motion be decided simultaneously as MM's Sundog's and Barnow's motions, as the facts and circumstances surrounding service of process are almost identical and judicial economy warrants it. [Docket # 39.]

In their responses to Defendants' motions, Plaintiffs consent to MM's Sundog's motion to vacate default so that this matter may be litigated on the merits. Accordingly,

3

MM's Sundog's motion to vacate default will be granted.

## Discussion

Moving Defendants assert similar arguments in support of their contention that Plaintiffs failed to effectuate service of process and that Plaintiffs' Complaint should be dismissed. In sum, Defendants argue that (1)  neither MM's Sundog nor Newport were served at their places of business, nor were any officers or agents authorized to accept service for either company ever served process; (2) Josh Finnical, the individual upon whom service was made with respect to all Defendants party to this motion, was not authorized to receive service on behalf of any of the Defendants; and (3) Plaintiffs cannot show good cause for their failure to timely effectuate service, or that they made a good faith attempt to do so, and therefore this Court should not extend the time to serve process. Plaintiffs' counsel has conceded that service was improper as to the moving Defendants. Plaintiffs contend, however, that good cause exists for the failure and that they made a good faith effort to serve process. Plaintiffs therefore seek an extension of the time in which to properly serve MM's and Newport.

## I. Factual Circumstances of Plaintiffs' Attempted Service of Process

The facts that follow are taken largely from the parties' briefs and supporting documentation related to Newport's and Simmerman's motion, as the facts are most greatly detailed in those papers. The parties do not dispute that service was made upon an individual named Josh Finnical eight days after Plaintiffs filed the Complaint. However, there is a dispute as to whether or not Mr. Finnical accepted service on behalf of MM's Sundog, Newport, Barnow, Simmerman, and other named defendants not party

4

to these motions.[1] According to the Affidavits of Service filed by Plaintiffs, service was made on August 3, 2010 at 4:00 p.m. at Sun Dog Marina, located at 91 Landing Road, Newport, N.J. [Docket ## 3, 5-10.] The affidavits are essentially identical and each state that service was left at "Bus. Add" with "Josh Finnical, Manager." The process server was identified as George Trader. No attempts were made to serve any of the moving Defendants, including the individually named Defendants, at any other time or address.

In support of its arguments, Newport has provided a declaration from Josh Finnical. Mr. Finnical asserts that he is not related to any party in this action and that he has no interest in this matter. (Finnical Decl. at ¶ 1.) Mr. Finnical owns and manages another company, Sharkfinn Marine, LLC, which began operating the marina at the subject premises in April of 2009. (Id. at ¶2.) According to Mr. Finnical, on August 3, 2010, a man approached him at the marina and told him that he had documents to deliver and that Finnical had to sign for them. (Id. at ¶ 3.) The man identified himself as someone from "the District Court's Clerk's Office" and told Finnical that he had to sign for the documents. (Id. at ¶ 4.) Upon inspection of the documents, Finnical told the process server that he knew nothing about this 2008 accident and that he was not authorized to sign or accept legal documents for any of the people or companies listed on the documents. (Id. at ¶¶ 5-6.) Finnical asserts that the process server left the papers with him anyway, insisting that someone had to take them. (Id. at 8.)

Plaintiffs dispute Newport's assertion that Mr. Finnical refused service. They point to and provide field notes from Court House Legal Services, Inc., the company

---

[1] In addition to the moving Defendants, service was made upon Finnical with respect to defendants Jack Carney and Sun Dog Marina, Inc.

Plaintiffs' counsel hired to effectuate service, which do not indicate that Mr. Finnical refused service. The field notes indicate that Mr. Finnical signed acknowledgments of receipt with respect to the summons for Simmerman and the summons for Newport and indicated his "title/relation" as "manager." (Pl.'s Newport Opp. Br. Ex. 5.) Plaintiffs also state that it has been the practice of Court House Legal Services to provide Plaintiffs' counsel with reports when service is refused and that they did not receive such reports in this case. Plaintiffs have been unable to locate George Trader, who  no longer works for Court House Legal Services.

## II. Legal Standard for Service of Process

A party may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Federal Rule of Civil Procedure 4 governs service of process. An individual may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made; or (2) by personally serving the individual, or leaving a copy of the summons and complaint at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). When serving a corporation, partnership or association within a judicial district of the United States, service must be made (1) in the manner prescribed in Rule 4(e) for serving an individual, or (2) by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1).

6

Timing of service is governed by Fed. R. Civ. P. 4(m). If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Id. The Third Circuit has observed that Rule 4(m) has both a mandatory and a discretionary component. Thus, when considering whether to extend time for service, a district court must proceed in a two-part analysis. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305, (3d Cir. 1995). First, the district court should determine whether good cause exists for an extension of time. Id. If good cause is present, the district court must extend time for service and the inquiry is ended. Id. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. Id.

In considering whether good cause exists, "a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). A finding of good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Id. "'Inadvertence of counsel does not amount to good cause; nor do half-hearted efforts at service which fail to meet the standard.'" Gianfredi v. Hilton Intern. of Puerto Rico, Inc., Civ. No. 08-0769, 2008 WL 4425228, at *3 (D.N.J. Sept. 24, 2008), (citing Braxton v. U.S., 817 F.2d 238, 241 (3d Cir. 1987)). Rather, "[t]he plaintiff must show that he exercised diligence in trying to effect service." Jumpp v. Jerkins, Civ. No.

08-6268, 2010 WL 715678, at *7 (D.N.J. March 1, 2010) (citation omitted). In determining the existence of good cause, courts have considered (1) the reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. <u>MCI Telecomm. Corp.</u>, 71 F.3d at 1097.

Absent good cause, a court may still exercise its discretion and extend the time for service. In determining whether to grant such an extension, the court may consider several factors, including 1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor. <u>Jumpp</u>, 2010 WL 715678 at *7. (citation omitted). Other factors courts have considered include the length of delay and confusion. <u>Okagbue-Ojekwe v. Federal Bureau of Prisons</u>, Civ. No. 03-2035, 2010 WL 3947528, at *3 (D.N.J. Oct. 7, 2010).

### III. Analysis

#### A. Good Cause

Plaintiffs argue that good cause exists and that an extension is warranted. They point to the fact that service was attempted eight days after filing of the Complaint. Plaintiffs also contend that service was attempted at the location where MM's Sundog conducted business, and the location of the property owned by Newport. Plaintiffs further argue that they relied on Mr. Finnical's acceptance of service and his identification as a "manager." In addition, Plaintiffs observed that Mr. Finnical's picture is posted on the "Sun Dog Marina" website, which identifies him as the manager of the marina, and that a photograph of Simmerman is posted on the same webpage next to

Finnical's. Moreover, Plaintiffs argue, it is not unusual for multiple business entities to operate from the same address, thus it was reasonable to attempt to serve multiple corporate defendants at one address. Plaintiffs contend that these facts demonstrate reasonable diligence and good faith in their attempted service.

Defendants argue, however, that Plaintiffs cannot demonstrate good faith and reasonable diligence in their attempt to serve process and that accordingly good cause for an extension does not exist. The Court agrees. Given the single attempt at service upon all Defendants at issue, the Court's "good cause" analysis applies to both MM's Sundog and Newport.

Plaintiffs' efforts to serve were not reasonable. As Defendants observe, Plaintiffs attempted to serve three individual defendants, two LLCs, and one corporation at a single business address and upon one individual identified as "manager." The affidavits of service are essentially identical and indicate that service was made at a business address. With respect to the individual defendants, these affidavits demonstrate that service in accordance with the requirements of Rule 4 was not even attempted. No attempts were made either to serve the individual defendants personally or at their residences. As to the corporate defendants, while it may be the case that multiple businesses often operate from the same address, Plaintiffs have not established a reasonable basis for believing this was the case here prior to attempting service. To the contrary, Newport observes that while it is the owner of the property located at 91 Landing Road, that address is not its place of business and no attempt was made to serve it at its place of business. In addition, both Newport and MM's Sundog have identifiable agents for service of process who were not served. Plaintiffs have not

provided any indication that they sought to ascertain proper addresses or proper agents for service for *all* defendants before attempting service at this single location.

Moreover, Plaintiffs reliance on the fact that Mr. Finnical accepted service on behalf of six defendants cannot be seen as reasonable. According to Mr. Finnical's declaration, he informed Plaintiffs' process server that he was not authorized to accept service on behalf of any of the defendants but the process server insisted that he accept service. If Plaintiffs' process server had knowledge that Mr. Finnical was not the proper person for service, that is a burden that must be born by Plaintiffs in the good cause analysis. Even if that were that not the case, however, attempting to serve three individuals and three corporate defendants by serving one person at one business location indicates an attempt at service which was "half-hearted and dilatory," which cannot support a finding of good cause. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998).

As the Third Circuit has observed, "reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service." Petrucelli, 46 F.3d at 1307. Taken together, the affidavits of service provided by the process server in and of themselves indicate the lack of conformance with Rule 4. Plaintiffs have conceded that service was improper. Plaintiffs have failed, however, to demonstrate sufficient diligence or a reasonable basis for noncompliance with the rules. Accordingly, good cause does not exist and a mandatory extension under Rule 4(m) is not required.

### B. Discretionary Extension

Turning to the next step in the analysis, though good cause does not exist, the

Court must decide whether to exercise its discretion and grant Plaintiffs an extension of time to effectuate service, or otherwise dismiss the case without prejudice. The Court will consider each Defendant in turn.

      1. MM's Sundog

      Plaintiffs argue that an extension is warranted with respect to MM's Sundog because dismissal without prejudice would in fact be a dismissal with prejudice because the statute of limitations has run. Plaintiffs also argue that MM's Sundog will not be prejudiced because Plaintiffs have a photograph of the defect on which Mr. Crutchley fell and the defendants will be able to sufficiently defend in this action. Having considered these and other factors with respect to MM's Sundog, the Court will grant a discretionary extension.

      The Court first recognizes that the running of the statute of limitations does not require a district court to extend the time for service, even though refiling would be barred by the statute. Petrucelli, 46 F.3d at 1306; MCI Telecomm., 71 F.3d at 1098. Moreover, a district court does not abuse its discretion by viewing the statute of limitations bar "in a light less favorable to plaintiff than might otherwise be the case" where the plaintiff filed the complaint at the end of the statute of limitations period. McCurdy, 157 F.3d at 196. Though Plaintiffs did not file the Complaint in this matter until the eve of the running of the statute of limitations, the Court finds that this factor still weighs in Plaintiffs' favor when considered among other factors present in this case.

      Plaintiffs' efforts to serve process upon MM's Sundog, though insufficient to establish good cause, took place eight days after the Complaint was filed and well before the 120-day deadline. Though MM's Sundog had vacated the marina after September of

2008, this was not reflected in a business records search conducted by Plaintiffs' counsel as late as 2010 which listed MM's Sundog's only recorded address as 91 Landing Road. The marina operated under the name SunDog Marina at the time of the incident, when MM's Sundog operated it, and had the same name at the time service was attempted. After service was made upon Mr. Finnical, Plaintiffs' counsel viewed the website for SunDog Marina, which identified Mr. Finnical as one of its managers.

    As discussed above, reliance on a process server is insufficient to establish good cause for failure to serve. Here, however, Plaintiffs' counsel has demonstrated at least some attempt at diligence that exceeded mere reliance after service was attempted.[2] Counsel timely attempted service at the address listed at that time as MM's Sundog's place of business and received written confirmation of service upon an individual identified as a manager of the marina. Compare Petrucelli, 46 F.3d at 1307 (plaintiff could not rely on belief that defendant had been served based on verbal assurances where plaintiff "had in hand no proof or indication of service"); Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84-85 (reliance on word of process server was misplaced where counsel was not in possession of adequate proof of service). Having received the affidavits, counsel made an effort to verify service by checking the marina's website and confirming that the person served was listed as its manager. Thus, even though Plaintiffs' attempt at service in the first instance was unreasonable, counsel's later belief that effective service had been achieved may not have been. These facts establish a

_____

    [2] Indeed, with respect to MM's Sundog only, Plaintiffs might have established good cause for their failure to serve process had their effort to serve MM's not been incorporated within the greater and unreasonable one-size-fits-all attempt to serve process upon six defendants.

reasonable possibility of confusion and weigh in favor of granting Plaintiffs a discretionary extension.

MM's Sundog argues that it will be prejudiced if an extension is granted due to the length of time that has elapsed since the incident and because it had no notice of this action until after default was entered on May 10, 2011. The Court recognizes that "[d]elay may damage a defendant's ability to defend on the merits." Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997). This potential for prejudice may be greater where, as here, the defendant asserts that it did not have actual knowledge of the suit. The Court finds, however, that in this case the potential prejudice to MM's Sundog does not outweigh the prejudice to Plaintiffs that would result from a dismissal that would bar their claims under the statute of limitations. To be sure, the delay burdens MM's to an extent; however, it is a burden that is at least in part also born by Plaintiffs, who still must prove their case in the face of the same faded memories and diminished evidence. In short, MM's "claim of loss of evidence does not suffice to show that their ability to defend has been hampered." Jumpp v. Jerkins, 2010 WL 715678 at *17 (citing Boley, 123 F.3d at 759). For these reasons, having weighed the facts discussed, the Court will deny MM's motion to dismiss and grant a discretionary extension of time for Plaintiffs to properly serve MM's.

2. Newport Landing

Plaintiffs also argue that a discretionary extension is warranted with respect to Newport because of the statute of limitations bar and because Newport will not be prejudiced by an extension. As with MM's Sundog, the Court finds in favor of granting Plaintiffs' a discretionary extension of time.

13

Plaintiffs point to notice letters that Plaintiffs' counsel sent to Defendant Simmerman, a principle of Newport, at the 91 Landing Road address which elicited a phone call from Simmerman to Plaintiffs' counsel's office. Because of this, Plaintiffs argue, Newport was on notice of the incident and potential claim as early as August of 2008, the date of the first letter, and therefore had ample time to investigate and prepare a defense. Plaintiffs contend that Simmerman's phone call in response to a second letter sent in October of 2008 demonstrates that Simmerman, and therefore Newport, had notice of Plaintiffs' potential claims. In addition, unlike MM's Sundog, Newport does not assert that it lacked notice or cite absence of knowledge as a basis for prejudice. Rather, Newport argues that evidence has been lost, witnesses are no longer available, and memories have faded. As discussed above, while these facts do impose a burden, the Court finds that Newport's ability to defend will not be fatally impaired. Simmerman's receipt the letters provided notice at least of a potential cause of action within one month of the accident. In consideration of these factors, the Court concludes that any prejudice to Newport resulting from the delay does not outweigh the prejudice to Plaintiffs that would result from dismissal of their claims. Accordingly, Newport's motion to dismiss will be denied and Plaintiffs' cross-motion to extend the time for service will be granted.

## Conclusion

For the reasons stated above, Barnow's and Simmerman's motions to dismiss will be GRANTED. MM's Sundog's motion to vacate default also will be GRANTED. MM's Sundog's and Newport Landing's motions to dismiss will be DENIED. Plaintiffs' cross-motion for an extension to serve will be GRANTED as to MM's Sundog and Newport

14

Landing. The appropriate orders shall issue.

Dated: December 5, 2011

                                      ___/s/ Joseph H. Rodriguez_____
                                      Hon. Joseph H. Rodriguez
                                      United States District Judge